**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ALESHA R. EASLEY** § | | |
| **INDIVIDUALLY AND ON BEHALF** § | | |
| **OF ALL OTHERS SIMILARLY** § | | |
| **SITUATED** § | | |
| § | **CIVIL ACTION NO. 2:18-cv-19** | |
| § | | |
| § | **COLLECTIVE ACTION UNDER** | |
| § | **42 U.S.C. §216(b)** | |
| § | | |
| VS. § | **JURY DEMANDED** | |
| § | | |
| § | | |
| **NORTHEAST TEXAS HOME** § | | |
| **HEALTH, LTD.** § | | |
| **D/B/A AT HOME HEALTH** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 USC § 207 ("FLSA"), the Named Plaintiff alleges violations of her statutory employment right to receive overtime pay from Defendant, Northeast Texas Home Health, Ltd. d/b/a At Home Health (Hereinafter "At Home Health") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Defendant made improper deductions from Plaintiff's salary thereby nullifying any claimed salary exemption to overtime pay and thereby failed to pay the RN nursing staff overtime compensation as required by the FLSA.

2. At Home Health suffered or permitted these workers to work more than 40 hours in a work week, but did not pay them overtime wages. Instead, Defendant paid these workers a salary and made deductions for because of variation in the quantity and/or quality of their work, which is impermissible under the FLSA regulations.

3. Defendant's failure to pay overtime to these workers violates the FLSA. 29 U.S.C. § 207(a).

4. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

5. Plaintiff, Alesha R. Easley ("Easley"), is a resident of Canton, Van Zandt County, Texas. The Plaintiff brings this action individually on her own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, Northeast Texas Home Health, Ltd. is a Texas limited partnership doing business in the Eastern District of Texas with its principal place of business at 9846 East State Highway 31, Tyler, Smith County, Texas 75705. Defendant may be served by delivering a copy of this complaint to its registered agent for service, Douglas R. Mehling at 9846 East State Highway 31, Tyler, Smith County, Texas 75705.

## JURISDICTION AND VENUE

6. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

7. Plaintiff was an RN nurse employed by At Home Health in Canton, Texas. At Home Health operates locations in Henderson, Tyler, Sulphur Springs and Canton, Texas.  Plaintiff was employed by At Home Health as a home health nurse.

8. At Home Health's website promotes its services as follows:

> Serving our neighbors throughout Texas for more than 30 years, we have built a reputation for trustworthy home healthcare services. We employ registered nurses and licensed vocational nurses who believe in providing personal, meaningful care in the comfort of our patients' own homes.

Defendant's operation extends to all areas of the Eastern District.

9. Plaintiff and the RN nursing staff were paid on a salary basis; however, Plaintiff and the RN nursing staff did not receive a predetermined amount of compensation each pay period on a weekly, or less frequent, basis, without deduction. At Home Health made deductions from the salaries of the RN nursing staff for various items, including, but not limited to a 'late note fee.' Plaintiff's salary is not subject to reduction because of variations in the quality or quantity of the work performed pursuant to 29 C.F.R. § 541.118(a). Therefore, Plaintiff and the RN nursing staff cannot be considered exempt employees and were therefore entitled to overtime wages.

10. Plaintiff and the RN nursing staff worked between 60 and 70 hours per week. Plaintiff was not paid overtime wages. As stated above, Plaintiff and the RN nursing staff were not exempt as defined under 29 CFR part 451.  The evidence at trial will show that Plaintiff and the RN nursing staff were not paid overtime wages at one and one-half times her regular hourly rate for all hours worked in excess of 40 hours in a work week.

11. Plaintiff believes and, therefore, allege that the failure of At Home Health to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

12. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due her, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

13. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Easley brings this action in her individual capacity and as a collective action. Easley seeks this court's appointment as representative of a class of similarly situated employees of At Home Health who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous RN nurses who were not paid for all overtime hours worked for At Home Health as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of At Home Health's RN nurses.

14. Easley specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

15. Plaintiff, individually and as a representative of the class, requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from At Home Health the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF